UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:19-CV-00170-TBR-LLK

MERISSA BILLETT                                                                                                PLAINTIFF

v.

ULTA SALON, COSMETICS &                                                                          DEFENDANT
FRAGRANCE, INC.

## OPINION & ORDER

Senior Judge Thomas B. Russell referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions. [DN 11].

On February 14, 2020, Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta Salon"), filed its Motion for Protective Order, which seeks a protective order governing the use and disclosure of surveillance video and a claims report all related to the subject incident. [DN 12]. Plaintiff filed her Response on February 25, 2020, objecting to the Motion. [DN 13]. On March 10, 2020, Ulta Salon filed its Reply. [DN 14]. The Motion for Protective Order is now fully briefed and ripe for adjudication.

For the reasons set forth below, Ulta Salon's Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This matter arises from an alleged slip and fall incident. Plaintiff alleges that on January 12, 2019, she slipped and fell at an Ulta Salon store in Hopkinsville, Kentucky. [DN 1-2 at 10]. As a result, Plaintiff claims she suffered injury. *Id.* The incident was captured by several surveillance cameras located throughout the subject Ulta Salon store. [DN 12 at 40].

1

Plaintiff subsequently brought negligence claims against Ulta Salon in Kentucky's Christian Circuit Court. *Id.* Ulta Salon then removed the case to the Paducah Division of the United States District Court for the Western District of Kentucky. [DN 1].

Through written discovery requests, Plaintiff has sought, *inter alia*, a copy of Ulta Salon's surveillance video and any incident reports related to the subject incident. [DN 12 at 41-42]. Ulta Salon did not object to those requests, but rather indicated it would be willing to produce the documents subject to an agreed protective order. *Id.* at 41-42. Plaintiff did not agree and Ulta Salon, without first seeking leave of Court, filed the instant Motion for Protective Order. *Id.*

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court, however, has increasingly scrutinized motions for protective order that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority. *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605-GNS (W.D. Ky. Oct. 23, 2018) (discussing why the Court will enter the second proposed agreed protective order because it develops why a protective order is necessary) (Pacer); *see also Wellmeyer v. Experian Info. Sols.*, 3:18-cv-94-RGJ (W.D. Ky. May 30, 2018) (Pacer); *Middleton v. Selectrucks of America, LLC*, 3:17-cv-602-RGJ (W.D. Ky. Sept. 21, 2018) (Pacer); *Mitcham v. Intrepid U.S.A., Inc.*, 3:17-cv-00703-CHB (W.D. Ky. Oct. 1, 2018) (Pacer); *Roberson v. KentuckyOne Health, Inc.*, 3:18-cv-00183-CRS-RSE (Aug. 29, 2018) (Pacer); *Savidge v. Pharm-Save, Inc.*, 3:17-cv-000186-CHB (W.D. Ky. July 9, 2018) (Pacer); *Effinger v. GLA Collection Co.*, 3:17-cv-000750-DJH (W.D. Ky. March 28, 2018) (Pacer); *Fleming v. Barnes*, 3:16-cv-264-JHM (W.D. Ky. Feb. 27, 2017) (Pacer).

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

In the context of trade secrets and confidential information, courts have looked as six different factors to determine whether there is a need to protect that information:

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken . . . to guard the secrecy of the information;

(4) the value of the information to [the business] to [its] competitors;

(5) the amount of effort or money expended . . . in developing the information; and

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016) (citing *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535 (S.D. Ohio Jan. 17, 2014))).

"The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate

specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams*, 2018 WL 989546, at *2; *see also*, *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

For example, in *Bussell* the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, but failed to explain why the Order was necessary. *Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, DN 27 (W.D. Ky. Aug. 29, 2018). The Court denied the motion without prejudice and specifically stated that the party seeking a protective order should set out the reasons why a protective order is necessary. *Id*. at DN 28. The parties then filed a new motion for protective order, which the Court granted, noting that the parties explained that the materials they sought to be protected were nude or seminude photographs and that dissemination of the images was sensitive in nature, may constitute additional crimes, and could potentially adversely impact ongoing criminal proceedings. *Id*. at DN 33.

## ANALYSIS

At the outset, it must be noted that Ulta Salon's Motion for Protective Order, [DN 12], was filed in violation of the Court's January 28, 2020, Scheduling Order, which requires a joint status

conference with Judge King prior to the filing of any discovery motions. [DN 11]. The Motion fails to set out any fact or argument that would justify or support a variance from that requirement. [DN 12]. In fact, no such variance was ever requested. Since this Motion is already briefed, and as a matter of judicial efficiency, the Court will consider the Motion; however, Defendant is admonished not to file any further discovery motions that fail to comply with this Court's orders.

Turning to the substance of the matter at issue, Ulta Salon's Motion for Protective Order requests the Court enter a protective order that covers two specific documents: (1) surveillance video taken around the time of the subject incident at the subject Ulta Salon store; and (2) a post-incident "General Liability Notice of Occurrence/Claim Report." *Id.* The Court will address each in turn.

### A. <u>The Surveillance Video</u>

Ulta Salon does not contest the relevance of its surveillance video taken around the time of the subject incident; however, it maintains that the video should be subject to a protective order.

The surveillance video contains video taken at multiple angles throughout the store and, in addition to depicting the subject incident, it shows Ulta employees operating cash registers and it depicts non-party store patrons, including minors. *Id.* at 42-43. Ulta Salon argues that disclosure of the surveillance video absent a protective order would compromise not only its security and anti-theft measures, but also the privacy of those third parties so depicted. *Id.* at 42-43.

Plaintiff objects, arguing that Ulta Salon did not meet its burden of proof by failing to file an affidavit in support of the Motion for Protective Order. [DN 13]. Plaintiff also argues that the privacy concerns of third parties are irrelevant because of the current prevalence of security cameras on the road, in stores, and at residences. *Id.* at 92. Notably, Plaintiff's Response does not

5

address Ulta Salon's argument that disclosure of the surveillance video would compromise its security and anti-theft measures. *Id.*

As set out above, good cause for a protective order exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

The Court finds that Ulta Salon has met its burden in demonstrating good cause for a protective order as it relates to the surveillance video. Ulta Salon's Motion for Protective Order and its Reply set out that the surveillance video would show the location and range of its cameras, any blind spots that exist in the subject Ulta Salon store, and the video would demonstrate operation of Ulta Salon's cash registers. The Court agrees that disclosure of such information would necessarily compromise the security and anti-theft measures in place at that Ulta Salon store. This constitutes a clearly defined and serious injury, which is sufficient as good cause for a protective order.

Since Ulta Salon has met its burden in demonstrating good cause for a protective order as to its surveillance video, the Court will grant Ulta Salon's Motion to that extent.

### B. The Claim Report

As with the surveillance video, Ulta Salon does not contest the discoverability of its General Liability Notice of Occurrence/Claim Report (the "claim report"), but requests that its disclosure be subject to a protective order [DN 12].

Ulta Salon argues that a protective order is necessary because the claim report includes "personally identifiable information of non-party Ulta employees, [Plaintiff's] contact information, Ulta's insurance policy information," and because the claim report is a risk

management tool. *Id.* at 44. Ulta Salon further contends that the claim report containing this information falls within the scope of "other confidential research, development, or commercial information" contemplated by FED. R. CIV. P. 26(c) that would qualify for a protective order. *Id.* at 44.

Plaintiff objects, arguing that Ulta Salon did not file an affidavit in support of the Motion, Ulta Salon failed to offer any proof demonstrating why this report, unlike others, needs protecting, and that Plaintiff's personal information contained in the claim report does not need protecting. [DN 13]. Plaintiff's Response does not specifically address Ulta Salon's argument that the document should be protected because it contains personally identifiable information of non-party Ulta Salon employees and Ulta Salon's insurance policy information, nor does it address the argument that it should be protected because the claim report is a risk management tool. *Id.*

Ulta Salon has the burden of demonstrating good cause for a protective order that would cover the claim report. Again, to do so Ulta Salon must "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

Ulta Salon contends that the privacy of the information in the claim report should be protected from public disclosure, but despite having two opportunities in its Motion and Reply to do so, failed to assert *why* that privacy should be protected. Nowhere does Ulta Salon articulate any specific facts, or even general facts for that matter, that would demonstrate how disclosure of this information would lead to a clearly defined and serious injury. Without such a showing, by affidavit or otherwise, Ulta Salon cannot meet its burden of proof.

Since Ulta Salon failed to meet its burden of proof in demonstrating good cause for a protective order over the claim report, the Court must deny its Motion for Protective Order to that extent.

## CONCLUSION

For the foregoing reasons, Ulta Salon's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART. The Court grants the Motion to the extent it seeks protection for surveillance video and denies the Motion to the extent it seeks protection for the claim report. **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The parties are ordered not to file any discovery motions without first participating in a joint status conference before Judge King. Should any discovery dispute arise that a party believes would necessitate such a status conference, that party shall contact Judge King's chambers at Judge_King_Chambers@kywd.uscourts.gov.

2. Ulta Salon's Motion for Protective Order, [DN 12], is **GRANTED IN PART AND DENIED IN PART**. The following terms shall govern the production, use, and disclosure of Confidential Information in this litigation:

   a. This Protective Order (the "Protective Order") shall govern the use and disclosure of all Confidential Information produced by or on behalf of the parties, any third party, or furnished by any person associated with the parties in any court appearance, deposition, interrogatory, request for admission, document production, or any other discovery proceeding or exchange of information in this action, but does not relate to the use of Confidential Information at trial.

b. "Confidential Information" as used in this Protective Order shall mean Ulta Salon's surveillance video from the date of the subject incident.

c. Confidential Information shall not be used by any of the parties in this action or by any other party or entity given access thereto, except solely for the purpose of prosecuting or defending claims, counterclaims, or third-party claims in this action, including any appeals, and/or for settlement purposes. Confidential Information shall not be used for any business, competitive, commercial, or any other purpose whatsoever.

d. Except upon further Order of the Court or by express written consent of all counsel of record, Confidential Information designated as "Confidential" shall not be shown, described, or otherwise revealed to any person or entity other than the following:

　 i. outside counsel of record and in-house counsel for the parties to this action;

　 ii. the parties to this action, and any officers, directors, or employees of such parties, to whom disclosure is required for the prosecution or defense of this action and/or evaluation or settlement purposes; paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action or in-house counsel, but only if:

　　 1. it is necessary to disclose the Confidential Information for purposes of this action; and

    2. they are not officers, directors, employees, or affiliates of any party's competitors;

  iii. the Court in this action, or any other Court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction services;

  iv. consulting experts or testifying expert witnesses (as provided for in Fed. R. Civ. P. 26(b)), their associates, assistants, and other personnel employed directly by the experts who agree to be bound by the terms of this Protective Order, provided that it is necessary to disclose the Confidential Information to them for purposes of this action;

  v. the author, addressee, or any other person identified as a recipient of specified Confidential Information who would otherwise be entitled to receive same;

  vi. other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court Order; and

  vii. witnesses (and/or their counsel) during the course of trials, hearings, and depositions (or in preparation therefore) in this action, but only if they agree to be bound by the terms of this Protective Order.

e. All documents or other materials marked or designated as "Confidential" pursuant to this Protective Order which are provided to a party's counsel of record shall be secured and stored at the office of the recipient counsel of record and shall not be removed from said office for any reason unrelated to the

prosecution or defense of claims, counterclaims, or third party claims in this action, except upon further Order of the Court or express written consent of counsel for the designating party. At all times, counsel shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Information, and shall not reveal, discuss, or disclose such Confidential Information in any manner, in any form, to any person or entity other than as provided in this Protective Order.  No individual reviewing or otherwise accessing Confidential Information maintained at counsel's office shall be permitted to make copies of or otherwise duplicate any portion of the Confidential Information for any reason unrelated to the prosecution or defense of claims, counterclaims, or third-party claims in this action.

f. Any Confidential Information and documents or any pleading, brief, or other paper disclosing Confidential Information may only be filed with the Court by initially filing it in a sealed envelope marked with the case caption and the following caption:

> **Confidential.  This envelope contains documents subject to a Protective Order of the Court.  Its contents are not to be revealed to anyone except the Court, or with prior written consent of counsel for the parties herein, or pursuant to order of this Court.  If the contents of this envelope are so revealed, they shall thereafter be resealed.**

A separate redacted copy of any such pleading, brief, or other paper disclosing Confidential Information where such information has been redacted will be filed.

g. Any Confidential Information and documents or any pleading, brief, or other paper disclosing Confidential Information filed in accordance with Paragraph

(f), shall remain under seal for thirty (30) days. At the expiration of that time, the information, documents, pleading, brief, or other paper so sealed shall be unsealed, unless a motion to seal regarding those documents has been filed by any party. If a motion to seal has been filed, the documents so sealed shall remain sealed until the Court issues its ruling on the motion to seal. If denied, the documents will be unsealed at the entry of that order. If granted, the documents will remain sealed consistent with the order granting the motion to seal.

h. Any member of the public not otherwise subject to this Protective Order may challenge any attempt by any party to seal or redact documents filed with the Court.

i. If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may request that:

   i. the testimony, and the transcript thereof, be treated as "Confidential"; and

   ii. the room in which the deposition is being taken shall, at the request of the designating party, be closed except to persons who are permitted access to such information or documents under the terms of this Protective Order.

j. Counsel for any party may also request that portions of a deposition transcript be treated as Confidential Information within thirty (30) days of receipt of the final transcript.

k.  Within thirty (30) days of conclusion of this case, (including any appeals), all Confidential Information and all copies, duplications, extracts, and summaries thereof shall be returned to the producing party or destroyed at the producing party's request with a letter to counsel for the producing party certifying that all Confidential Information has been returned or destroyed, except that counsel of record shall be entitled to retain all information and materials which constitute work product.  If requested by any party, counsel of record shall certify in writing filed with the Court that all Confidential Information required to be returned has been so returned or destroyed within fourteen (14) days of receipt of a written request for certification by any party.

l.  The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Information as evidence at trial, or during an evidentiary hearing in this action, provided that any party may seek an appropriate Court Order to protect Confidential Information.  Any document, exhibit, or transcript designated Confidential under this Order, and that is otherwise admissible, may be used at trial, subject to the terms of this Order.

m.  Nothing contained in this Protective Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

n.  If a non-designating party in possession of Confidential Information receives a subpoena or other request seeking production or other disclosure of Confidential Information, he, she, or it shall give written notice within three (3)

business days to counsel for the designating party identifying the Confidential Information sought and the date and time production or other disclosure is required. In no event may production or disclosure be made without written approval by counsel of the designating party or by further Order of a Court.

o. In the event an additional party joins or intervenes in the action, such party shall shall be bound by this Protective Order.

p. Nothing contained in this Protective Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Protective Order with respect to specific terms or categories of Confidential Information.

q. The parties do not waive any applicable privileges or right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

r. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

s. All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to Confidential Information pursuant to this Protective Order shall be bound by this Protective Order.  The Court may impose sanctions on any person or entity possessing or granted access to Confidential Information pursuant to this Protective Order who discloses or uses the Confidential Information for any purpose other than as authorized by

      this Protective Order or who otherwise violates the terms of this Protective Order.

t. Nothing in this Order prevents any party from using or disclosing its own documents or information in any way, regardless of whether they are designated as Confidential.

**IT IS SO ORDERED.**

May 18, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

c: Counsel of Record.